## NORTON *v.* FORSHAN.

[No. 13,030.   Filed April 6, 1928.]

*Russell C. Fish* and *Walter C. Todd,* for appellant.
*Elias W. Dulberger* and *O. H. Powell,* for appellee.

NICHOLS, J.—Action for money had and received on the theory that appellant is indebted to appellee for money paid down on an automobile, which was taken away from appellee by appellant.

Appellant's motion to make more specific was overruled and he answered by a general denial. There was a trial by jury, resulting in a verdict for appellee for $175, on which, after appellant's motion for a new trial was overruled, judgment was rendered in favor of appellee.

The errors relied upon for reversal are the actions of the court in overruling appellant's motion to make the complaint more specific, and, in overruling appellant's motion for a new trial. It is averred in the complaint

that appellant, on and prior to April 30, 1926, was engaged in selling various makes of automobiles in the city of Indianapolis; that on said date he purchased a second-hand Packard automobile from appellant for $1,250, $500 cash and the balance to be paid at $72 per month; that appellee paid $500 cash and took possession of the automobile; that, when the first payment became due, May 30, 1926, being short of funds, he asked for an extension of time for payment, and the time was extended until June 16, 1926, when payment of $72 was made, which was the May payment; and on or about July 3, 1926, appellee offered the June payment and the same was refused, and about a month later, appellee tendered another payment for the July payment and the same was refused; that appellee had occasion to be in————, Illinois, in the month of August, 1926, and that he had driven there in his said automobile, and when he returned to Indianapolis, he was arrested for secreting and removing said automobile by complaint made to the police officers by appellant and, while he was under arrest and in prison awaiting trial, the police took said automobile to a garage, where appellant took possession of it, and refused to turn it back to appellee, or to refund him the $572 he had paid appellant for it, although a demand by appellee to appellant was made for the same; that appellant has since sold said automobile to a third person, and yet refuses to return to appellee the $572 he paid therefor, although demand has been made for the return of the payment; that appellant wrongfully detains from appellee the sum of $572 which rightfully belongs to appellee, and that he has expended from his own personal funds the sum of $300 for repairs on said automobile that were needed through no fault or neglect on his part, as he had learned, a short time after he had purchased said automobile, that it was in need of much needed repairs.

Appellee avers in his complaint that "when the first payment became due, May 30, 1926, and being short of funds, he asked for an extension of time for payment." Appellant, by his motion to make more specific, asked that appellee be required to aver the name and identity of the person to whom request for extension of time for payment was made.

Again appellee avers in his complaint that "the time was extended until June 16, 1926." Appellant, by his motion to make more specific, asks that appellee be required to set out and identify the person or persons who extended the time until June 16, 1926.

And again appellee avers in his complaint that "on or about the 3rd day of July, 1926, plaintiff offered the June payment and the same was refused, and in about a month later, plaintiff tendered another payment for the July payment, and the same was refused." Appellant, by his motion to make more specific, asks that appellee be required to set out specifically the name and identity of the person or persons to whom he tendered and by whom the tenders were refused. The motion in each of the particulars should have been sustained. We are impressed that appellee studiously avoided naming the person or persons of whom he asked an extension of time and who granted the same, and the person to whom he made his tenders and who refused the same. Appellant had a right to have the complaint fully state the facts as to these matters, and had it done so, in harmony with the facts thereafter in evidence, it would not have stated a cause of action against appellant, and had appellant demurred to the complaint with such amendments, it would have been error to overrule such demurrer.

It clearly appears by the uncontradicted evidence that appellee knew at the time of signing the conditional

sales contract that appellant intended to assign the contract to the Mortgage Investment Company, and at the time of the execution of such contract, appellee signed on the back thereof an acceptance of such assignment. He knew then that all rights under such contract belonged to the investment company, and that appellant had no rights thereunder. He testifies that he made his first payment, which was due May 30, 1926, to the investment company on June 16, 1926. This shows conclusively that he knew where such payments were to be made. Even if he had made a tender to appellant, it would have been unavailing, for appellant's title to the automobile and rights under the contract had passed to the investment company. It is true that appellee, when asked if at any time he "offered or tendered to Mr. Norton the full amount," answered that he did, but later and on cross-examination, he plainly stated that the only money he offered to pay or tendered and paid to appellant, was $500 cash payment when signing the conditional sales contract. It is provided in such conditional sales contract, *inter alia*, that if any deferred payment should become delinquent, the seller might rescind the contract and take possession of the property, together with all added or substituted parts or equipment, without notice, and that, in the event of such rescission, all payments already made by the purchaser should be retained by the seller as rent for the property and as liquidated damages; and further that the seller should have a right to such rescission and to retain the payments as aforesaid in the event that the purchaser should remove the property out of the county and state without the written consent of the seller. These rights of appellant, the seller, passed by the assignment, and with the consent of appellee, to the Mortgage Investment Company. Because of the failure of appellee to make his payments, and because of

the fact that appellee had taken the automobile to Champaign, Illinois, without the consent in writing or otherwise of the Mortgage Investment Company, such investment company, through one C. A. Golder, a city detective of Indianapolis, recovered said car from appellee at Champaign, Illinois, and brought it, together with appellee, back to Indianapolis, where appellee was locked up and the automobile was placed in a garage. Thereafter, the investment company repossessed the car and sold it. Appellant, having sold and assigned the conditional sales contract with recourse, purchased such machine from the Mortgage Investment Company for the full amount it had invested therein. The fact that appellant, under such circumstances, became the purchaser of the car, could not in any way render him liable to appellee. Under the undisputed facts, the verdict of the jury is not sustained by the evidence.

Judgment reversed.